UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KIVIA C. GREENE,

                                Plaintiff,

                      05 Cv. 8477 (CLB) (LMS)

        - against -

                    *Memorandum and Order*

GREEN CHIMNEYS CHILDREN'S SERVICES,
INC.,

                            Defendant.
------------------------------------------------------------x

Brieant, J.

       Before this Court for consideration is the Report and Recommendation of the Hon. Lisa Margaret Smith, United States Magistrate Judge, filed November 6, 2006 together with the Objections thereto filed by plaintiff Ms. Kivia C. Greene on November 20, 2006. Familiarity therewith on the part of the reader is assumed. The Report recommends granting a motion for Summary Judgment made by Defendant in this action brought for unlawful termination of an employee based upon her race, color and gender, and also for retaliation, all under Title VII.

       Plaintiff was employed as a Youth Counselor by the defendant charity for the purpose of supervising during the night hours resident children in Defendant's custody. She had entered this highly sensitive job situation initially as a part-time employee and thereafter was promoted to full-time employment in March, 2001. Defendant cares for children and adults with handicapping conditions, some of whom are placed by the courts or other social agencies. Plaintiff was terminated on January 20, 2005 as a result of an incident on January 13, 2005 when a fellow employee, Ms. Rennia, alleged that the Plaintiff had become enraged and engaged in a

Copies mailed / handed / faxed to counsel 11/28/06

physical altercation with Rennia. This event occurred against a prior history of various infractions and a previous altercation with a co-worker, all of which appears to be adequately documented by the employer and uncontested. While Plaintiff contends that the Defendant mistakenly claims that she was the aggressor in the altercation and denies that she was agitated or insubordinate as a result of the dispute, a mistaken determination as to this point is not to be equated with racial discrimination. This is especially important in light of the sensitive nature of the work performed by Defendant serving the needs of institutionalized, handicapped children who should not be held in custody of a public facility manned by employees who require continuous anger management counseling or who engage in physical altercations with other workers.

There is no evidence that the reasons given for the gradually escalating controversy over her job performance beginning with her first performance evaluation in 2002 and continuing through her termination, was pretextual. Because no reasonable juror could find discrimination or retaliation on the record before this Court, the conclusion by the Magistrate Judge that Summary Judgment should be granted is appropriate.

The claimed retaliation and the protected activity occurred more than a year and a half apart in time and this Court agrees and under the totality of the circumstances of this case, the relationship is too attenuated to support the required causal link in a retaliation claim.

Ms. Greene has filed extensive objections to the Report and Recommendation claiming that she had inadequate pretrial discovery. The pretrial discovery was under the direct observation and direction of an experienced and distinguished judicial officer, whose discretionary rulings may not be second guessed on the present record.

To the extent that Plaintiff asserts a claim that she was underpaid, this is neither included within the pleadings nor is it addressed in the Objections to the report. To the extent Ms. Greene was denied overtime or otherwise underpaid in violation of Federal statute, that issue is not adjudicated in this lawsuit and to the extent not time-barred, may be raised by Ms. Greene in a separate action if so advised.

All of the points at issue on the record have been reviewed and considered by this Court. The Report and Recommendation is accepted as filed. The Clerk shall file a final judgment dismissing the action.

X

        X

                X

                        X

SO ORDERED.

Dated: White Plains, New York
       November 28, 2006

                                                                      Charles L. Brieant, U.S.D.J.